## John A. Kelly, Appellee, v. Chicago City Railway, Company, Appellant.

### Gen. No. 22,379. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 10, 1917. Rehearing denied October 25, 1917.

### Statement of the Case.

Action by John A. Kelly, plaintiff, against the Chicago City Railway Company, defendant, to recover damages for personal injuries. From a judgment for plaintiff for $1000, defendant appeals.

BUSBY, WEBER & MILLER, BENJAMIN F. RICHOLSON and ARTHUR J. DONOVAN, for appellant; JOHN R. GUILLIAMS, of counsel.

SABATH, STAFFORD & SABATH, for appellee; J. J. VITERNA, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 366*—*when no duty exists upon part of motorman of car rounding curve to protect prospective passenger standing near outer rail.* Where plaintiff was struck by defendant's street car while he was standing on a street corner at the south end of a curve waiting to take the car going north which did not stop until after rounding the curve, whereby the rear end of the car extended over the rail of the track so as to strike plaintiff when it turned, *held,* in the absence of proof that the motorman knew or could have known that plaintiff was in danger of being struck if the car was operated around the curve, there was no duty on the part of the motorman to protect plaintiff from being struck.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2.  CARRIERS, § 480*—*when question for jury whether motorman had notice that prospective passengers expect car to be stopped before rounding curve.*  The fact that about forty people were standing on the side of a street just south of a curve of street car tracks and as a car approached they stepped into the roadway near the tracks, *held* sufficient notice to the motorman of the car that he was expected to stop the car at that point, to require submission of the case to the jury, in an action to recover damages for injuries sustained by reason of the car not stopping until after rounding the curve going north.

3.  CARRIERS, § 486*—*when instruction that overhang of car striking prospective passenger need not be considered is properly refused.*  An instruction, in an action to recover damages for injuries sustained by plaintiff being struck by defendant's street car while he was standing near a curve in the track, as the car rounded the curve, due to the overhang of the car, that the jury were not concerned with the type, width, length, or overhang of the car, *held* misleading and properly refused, as the overhang of the car in rounding the curve was a vital element to be considered by the jury in determining whether the motorman exercised due care under all the circumstances.

4.  APPEAL AND ERROR, § 1540*—*when instruction referring to declaration is not reversibly erroneous.*  Giving an instruction, in an action to recover damages for personal injuries that plaintiff would be entitled to recover if he proved his case as charged in the declaration, provided he was in the exercise of due care for his own safety, *held* not reversible error, although actionable negligence was not charged in each and every count.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.